UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

David E. Jutras

    v.                                      Civil No. 09-cv-152-SM

State of New Hampshire

**REPORT AND RECOMMENDATION**

    Before the Court is David Jutras' petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 (document nos. 1 & 4).[1] The matter is before me for preliminary review to determine whether the petition states cognizable federal habeas claims that are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules"); see also United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to preliminarily review pro se prisoner filings pursuant to 28 U.S.C. § 1915A).

---

[1] In addition to his initial petition (document no. 1), Jutras has filed a lengthy addendum to his petition (document no. 4). The addendum will be accepted as, and considered to be, part of the petition for all purposes.

Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Estelle, 429 U.S. at 106. This review ensures that pro se pleadings are given fair and meaningful consideration.

Background

In April of 2000, David Jutras was indicted on six counts of aggravated felonious sexual assault (Super. Ct. docket nos. 00-800 through 00-805).  After consultation with his attorney, Jutras decided to enter a negotiated guilty plea.  On June 13, 2000, Jutras and his attorney signed a form entitled "Notice of Intention to Enter Plea of Guilty" which was filed with the New Hampshire Superior Court.  Above Jutras' signature, the form, which Jutras submitted as part of his petition, states that, on one of the charges against him (Super. Ct. docket no. 00-800), Jutras agreed to a sentence of 4-20 years in the New Hampshire State Prison, stand committed, and that on two of the charges against him (Super. Ct. docket nos. 00-803 and 00-804), he agreed to a 10-20 year suspended sentence on each charge, which were consecutive to his stand committed sentence and concurrent to one another, and which were to be suspended for a period of ten years.  Jutras also agreed not to have unsupervised contact with females under the age of sixteen years as a condition of his sentence.  The prosecutor was to enter nolle prosequis on the other three charges (Super. Ct. docket nos. 00-801, 00-802 and

00-805).  <u>See</u> Addendum to Pet. (1 of 3) p. 122-23 (Notice of Intention to Enter Plea of Guilty).

On September 6, 2000, Jutras pleaded guilty to three counts of aggravated felonious sexual assault.  Jutras received the 4-20 year stand-committed sentence to which he had agreed.  Instead of receiving two 10-20 year suspended sentences, however, Jutras received two 4-20 suspended sentences, to run consecutively to his stand-committed sentence, but concurrently with one another.  The sentence imposed was, therefore, less severe than the sentence he agreed to on June 13, 2000, as it required that, should the suspended sentences be imposed, that Jutras serve only four years before becoming parole eligible, rather than ten.  The window during which a motion to impose the suspended sentences could be filed was ten years, running from the date of the plea.  Accordingly, if no such motion is filed before September 6, 2010, those sentences will expire.  The conditions of suspension, effective until September 6, 2010, are that Jutras is to be of good behavior, and to comply with all the terms of his sentence, including that he not have unsupervised contact with females under sixteen years of age, or any contact at all with his victim.

Jutras is presently incarcerated pursuant to his stand-committed sentence. He was not paroled on his minimum parole date in July 2004 because he had not completed rehabilitative programming in prison, specifically, sexual offender programming, to the satisfaction of the Parole Board.

Jutras has filed the instant petition seeking relief from his present incarceration on the grounds that his guilty plea in 2000 violated his Sixth Amendment right to the effective assistance of counsel and his Fourteenth Amendment right to due process, as his attorney lied to him about the nature of his sentence, changed paperwork after his plea to cover the lie, and has refused to help him have his sentence reduced or terminated.[2] Jutras also alleges that he has been unconstitutionally denied parole as a result of his improper termination from the prison's sexual offender program.

Discussion

I. <u>Denial of Parole</u>

Jutras generally alleges that employees of the New Hampshire Department of Corrections violated his civil rights by

---

[2]The claims, as identified here, will be considered to be the claims raised in the petition for all purposes. If Jutras disagrees with this identification of the claims, he must do so by objecting to this Report and Recommendation.

unconstitutionally preventing him from completing the sexual offender program. To the extent that Jutras alleges that the denial of access to the sexual offender program has denied him a release on parole to which he is otherwise entitled, he attempts to bring a habeas claim alleging that his continued incarceration violates his right to parole.[3]

It is well-settled that a convicted person has no constitutional right to be conditionally released, on parole or otherwise, before the expiration of a valid sentence. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). A valid conviction, with all its procedural safeguards, extinguishes that liberty right. See id.; see also Meachum v. Fano, 427 U.S. 215, 224 (1976). A right to parole under the Due Process Clause exists only if such right is created

---

[3] Jutras has a myriad of complaints relating to his permanent termination from the prison's sexual offender program. All of these claims, except the one alleging that he was improperly denied parole, which is addressed here, are properly considered as prison conditions claims which are actionable under 42 U.S.C. § 1983, and not in a federal habeas action. See Preiser v. Rodriguez, 411 U.S. 489 (1973). Jutras, at the time he filed this petition, also filed a § 1983 action raising these issues as they are related to the conditions of his confinement. See Jutras v. Graham, Civ. No. 09-cv-151-PB. I will conduct a separate preliminary review of that action and will consider those claims at that time. See 28 U.S.C. § 1915A(a); LR 4.3(d)(2).

by state law.  See Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Hamm v. Latessa, 72 F.3d 947, 954-55 (1st Cir. 1995); Brooker v. Warden, No. 98-466-JD, 1999 WL 813893, at *2 (D.N.H. June 22, 1999).

In New Hampshire, a convicted inmate has no state-created liberty interest in parole.  See Jago v. Van Curen, 454 U.S. 14, 19-21 (1981); Ainsworth v. Risley, 244 F.3d 209, 216-17 (1st Cir. 2001); Knowles v. Warden, 140 N.H. 387, 389, 666 A.2d 972, 974-75 (1995).  "In determining whether state law provides a protectable liberty interest in parole, federal courts are bound by the state's interpretation of applicable state law unless that construction or application violates federal law."  Brooker, 1999 WL 813893, at * 2.

The applicable New Hampshire parole laws are found in N.H. Rev. Stat. Ann. ("RSA") § 651-A, which provides that:

> A prisoner may be released on parole upon the expiration of the minimum term of his sentence, [as adjusted by other statutory provisions], provided that there shall appear to the adult parole board, after having given the notice required in RSA 651-A:11, to be a reasonable probability that he will remain at liberty without violating the law and will conduct himself as a good citizen.  Any prisoner so released shall be given a permit by the board to be at liberty from prison during the unexpired portion of the maximum term of his sentence.

RSA 651-A:6, I (2007) (emphasis added).  Under authority provided by RSA 651-A:4, III, the Parole Board has adopted rules pertaining to parole policy as follows:

> Parole shall be considered a privilege, something to be earned rather than automatically given, and any release prior to the maximum term shall be made only upon careful and lawful consideration. An inmate shall not be granted parole unless the board finds a reasonable probability that the inmate will remain at liberty without violating any law and will conduct himself as a good citizen, pursuant to criteria in [N.H. Code Admin. R.] Par 301.02.

N.H. Code Admin. R. Par 301.02.

The New Hampshire Supreme Court has repeatedly held that the Parole Board has broad discretion in its parole decisions, and is not mandated to grant parole to an inmate, even though he may meet certain conditions or criteria.  See Knowles, 140 N.H. at 389, 666 A.2d at 974-75; Cable v. Warden, 140 N.H. 395, 398, 666 A.2d 967, 969 (1995); Baker v. Cunningham, 128 N.H. 374, 381, 513 A.2d 956, 960 (1986).  Simply put, "[t]he possibility of parole is not a right to liberty conferred by New Hampshire state law." Brooker, 1999 WL 813893 at * 4.

Absent a constitutional right to parole, or a liberty interest in the grant of parole, there is no constitutional due process violation for a denial of parole because there is no due

process right to be granted parole.  See Greenholtz, 442 U.S. at 7; Brooker, 1999 WL 813893 at *4.  Accordingly, such a claim must be dismissed, as it is not cognizable in a federal habeas petition.

Here, Jutras argues that the Parole Board is wrong to require him to complete the institutional sexual offender program, when he can otherwise demonstrate "a reasonable probability that [he] will remain at liberty without violating any law and will conduct himself as a good citizen."  N.H. Code Admin. R. Par 301.02.  Jutras' disagreement with the parole board, however, is insufficient to render the board's failure to grant him parole, or to consider him for parole without completion of the sexual offender program, unconstitutional.  In order to find the denial of parole unconstitutional, there must be some liberty interest in obtaining parole which, as explained above, there is not.  Accordingly, I recommend that this claim be dismissed.

II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244 et seq. (2000), sets a one-year limitations period for the filing of federal habeas petitions by

state prisoners. 28 U.S.C. § 2244(d)(1). AEDPA's one-year limit runs from the time that the state court judgment of conviction became final by the conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).

Statutory exceptions to the one-year limitations period exist where an untimely filing was caused by: (1) the state, (2) new constitutional rights created by the Supreme Court, or (3) newly discovered facts underpinning the claim. See David v. Hall, 318 F.3d 343, 344 (1st Cir. 2003); 28 U.S.C. § 2244(d)(1)(B)-(D). AEDPA further excludes from the one-year limitations period "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . .." 28 U.S.C. § 2244(d)(2). While the limitations period is stopped from running during the pendency of properly filed post-conviction state court litigation, it is not reset or restarted by post-conviction litigation initiated <u>after</u> the AEDPA limitations period has expired. See Trapp v. Spencer, 479 F.3d 53, 59 (1st Cir. 2007) (citing Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005)). Additionally, the First Circuit has stated

that equitable tolling of the AEDPA's limitations period might be available, but "only for the most exceptional reasons." David, 318 F.3d at 346.

Jutras was convicted in September 2000. It does not appear that any appeal was taken after the conviction. Jutras therefore challenges the constitutionality of a conviction and sentence that became final in 2001. Jutras challenged his conviction in the state trial and appellate courts in 2003 and 2008, but at the time those actions were initiated, the limitations period for filing a federal habeas petition asserting a challenge to his conviction, such as the challenge raised by Jutras to the constitutionality of his guilty plea, had already run.

The only assertion by Jutras that warrants discussion, in the context of the timeliness of this petition, is that he was not immediately aware that his suspended sentence was two concurrent 4-20 year sentences, but thought it was one 10-20 year sentence. Jutras himself, however, contradicts this assertion by submitting his September 2000 sentencing documents, provided to Offender Records at the prison, and which have been available to him during his entire incarceration, which articulate the precise sentence he received. Jutras' sentencing orders definitively

demonstrate that guilty pleas were taken, and suspended sentences imposed, in open court, on two separate indictments on September 6, 2000.  Further, the "Notice of Intention to Enter Plea of Guilty" that Jutras signed clearly indicates that he agreed to suspended sentences on two charges.  Jutras' assertion that a transcript of his original plea and sentencing hearing would unveil a large conspiracy to cover up the fact that he was given a less severe sentence than he originally agreed to, defies credibility on its face, and I do not, therefore, consider it further.

Because no exception to, or exemption from, the statutory limitations period appears here, and Jutras has not pleaded any exceptional circumstances warranting the equitable tolling of this claim, I find that the statutory limitations period for filing this action expired in 2001, more than seven years before this matter was filed here.  I recommend, therefore, that this petition, challenging Jutras' conviction or sentence, be dismissed as untimely filed.  <u>See</u> <u>Day v. McDonough</u>, 547 U.S. 198, 199 (2006) (finding that federal courts have discretion to recommend dismissal of a federal habeas petition, sua sponte, on grounds that the petition was untimely filed).

Conclusion

For the reasons stated herein, I recommend that this action be dismissed in its entirety. Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: May 26, 2009

cc: David E. Jutras, pro se